UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK HARTENSTEIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-4594** |
| **STATE FARM FIRE AND CASUALTY INSURANCE CO.** | **SECTION: I/2** |
| c/w | |
| **MARK HARTENSTEIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-8236** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | ***This order only applies to Civil Action No. 07-4594** |

ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendant, State Farm Fire and Casualty Company ("State Farm"),[1] in its fiduciary capacity as Write Your Own ("WYO") insurance provider.[2] For the following reasons, the motion is **GRANTED**.

---

[1] R. Doc. No. 32.

[2] Insurance companies which issue flood insurance policies pursuant to the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129 (2006), act as fiscal agents of the federal government. 42 U.S.C. § 4071(a); 44 C.F.R. § 62.23(f)-(g) (2007); *see Wright v. Allstate Ins. Co.* (*Wright I*), 415 F.3d 384, 386 (5th Cir. 2005).

## *BACKGROUND*

Plaintiff, Mark Hartenstein ("Hartenstein"), owns property in Metairie, Louisiana, that was damaged when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005.[3] During the relevant time period, the property was insured by a Standard Flood Insurance Policy ("SFIP") issued by State Farm in its capacity as a WYO program carrier through its participation in the National Flood Insurance Program ("NFIP").[4] The flood insurance policy limits the dwelling coverage to $211,700 and the contents coverage to $58,400.[5]

Hartenstein filed this lawsuit on August 28, 2007, against State Farm for breach of the SFIP, alleging that State Farm failed to pay the full amount necessary to repair or remediate the flood damage to the property.[6] Hartenstein further alleges that State Farm failed to conduct a reasonable inspection of the property, failed to make reasonable attempts to pay benefits under the policy, failed to abide by the terms of the SFIP, and failed to abide by the regular practices of the insurance industry.[7]

On October 4, 2005, Gary Symonds ("Symonds"), an independent adjuster engaged by State Farm to adjust claims, met with Hartenstein and inspected the dwelling.[8] Based upon this

---

[3] R. Doc. No. 1, compl. ¶¶ 8, 11. Hartenstein also held a homeowner's insurance policy with State Farm on this property. *Hartenstein v. State Farm Fire & Cas. Co.*, Civil Action No. 07-8236, R. Doc. No. 1-2, state ct. pet. ¶¶ 2, 5.

[4] Compl. ¶¶ 3, 7, 9; R. Doc. No. 32-4, mot. summ. j., ex. 1, flood insurance policy.

[5] R. Doc. No. 32-4, mot. summ. j., ex. 1, Vickie Temonia aff. ¶ 2.

[6] Compl. ¶¶ 13, 17.

[7] *Id.* ¶¶ 16-17. On December 13, 2007, the Court consolidated the lawsuit brought by Hartenstein pursuant to his flood insurance policy with Civil Action No. 07-8236, which is Hartenstein's lawsuit pursuant to his homeowner's insurance policy. R. Doc. No. 13, consolidation order.

[8] R. Doc. No. 32-5, mot. summ. j., ex. 2, Gary Symonds aff. ¶¶ 1, 5.

inspection, Symonds prepared an estimate of damages.[9] On October 17, 2005, Symods explained this estimate to Hartenstein, who indicated he understood the estimate, depreciation, and payment amount and agreed with the figures.[10] Symonds asked Hartenstein to make a list of his personal property; Hartenstein did not make the list.[11] The first estimate of repair completed by Hartenstein was done in July of 2007.[12]

On May 6, 2008, State Farm, in its capacity as WYO insurer, filed this motion for summary judgment seeking dismissal of Hartenstein's claims pursuant to the SFIP.[13] State Farm argues that Hartenstein failed to provide State Farm with a sworn proof of loss prior to filing his lawsuit and, therefore, his claims pursuant to the SFIP are barred.[14] Further, State Farm alleges that Hartenstein has failed to properly document his loss with specificity, as required by the SFIP.[15]

Hartenstein argues that the proof of loss requirement was waived by the Acting Federal Insurance Administrator ("Administrator") and that State Farm "confirmed said waiver."[16] Hartenstein alleges, alternatively, that Hartenstein has provided proof of loss in his initial

---

[9] *Id.* ¶ 6.

[10] *Id.* ¶ 7.

[11] R. Doc. No. 32-6, mot. summ. j., ex. 3, Hartenstein dep. at 54.

[12] *Id.* at 62.

[13] R. Doc. No. 32-3, mem. supp.

[14] *Id.* at 7-11.

[15] *Id.* at 11-12.

[16] R. Doc. No. 36, mem. opp'n at 4-5.

disclosures and discovery responses and State Farm's own inspection and adjustment.[17]

## *LAW AND ANALYSIS*

**I.     Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact

---

[17] *Id.* at 5.

exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

**II.   Discussion**

*A.   The National Flood Insurance Act*

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and it is administered through the Federal Emergency Management Agency ("FEMA").  *Wright v. Allstate Ins. Co.* (*Wright I*), 415 F.3d 384, 386 (5th Cir. 2005).  FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a SFIP.[18]  44 C.F.R. § 61.4(b); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).  SFIP provisions can not "be altered, varied, or waived other than by the express written consent of the Administrator."  44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

Although a SFIP can be issued by a WYO insurance provider directly to consumers,

---

[18] "Flood insurance policies can be issued directly by FEMA or through private insurers known as [WYO] companies." *Richardson v. Am. Bankers Ins. Co. of Fla.*, No. 07-30271, 2008 WL 510518, at *2 (5th Cir. Feb. 27, 2008) (*citing Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998)).

"[p]ayments on SFIP claims come ultimately from the federal treasury."[19]  *Wright I*, 415 F.3d at 386; *see Gowland*, 143 F.3d at 953.  Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced.  *Wright I*, 415 F.3d at 387; *Gowland*, 143 F.3d at 954; *Hamide v. Omaha Prop. & Cas. Ins. Co.*, No. Civ.A. 03-1405, 2004 WL 74316, at *2 (E.D. La. Jan. 14, 2004) (Fallon, J.) ("Failure to [strictly] construe runs afoul of the Appropriations Clause of the United States Constitution.").

"Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'"  *Wright I*, 415 F.3d at 387 (*quoting Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424, 110 S. Ct. 2465, 2471, 110 L. Ed. 2d 387, 399 (1990)).  Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."  *Id.* at 388 (*citing Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S. Ct. 2218, 2226, 81 L. Ed. 2d 42, 54 (1984)).

B.    *Compliance with SFIP Requirements*

"A NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show *prior* compliance with all policy requirements."  *Richardson v. Am. Bankers Ins. Co. of Fla.*, No. 07-30271, 2008 WL 510518, at *2 (5th Cir. Feb. 27, 2008)

---

[19] FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds.  44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein.").

(emphasis added) (*citing* 44 C.F.R. pt. 61, app. A(1) art. VII(R)).[20]  "In case of a flood loss to insured property, [the insured] must" fulfill a list of requirements.  44 C.F.R. pt. 61, app. A(1) art. VII(J); *see Gowland*, 143 F.3d at 953-54.  One of these requirements is that an insured must provide, pursuant to article VII(J)(4), a signed and sworn proof of loss.  44 C.F.R. pt. 61, app. A(1) art. VII(J)(4).[21]  The documentation provided must strictly comply with the SFIP in order for the insured to recover.  *See Gowland*, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced . . . .").

On August 31, 2005, the FEMA Administrator issued an order waiving the requirement that a policyholder file a sworn proof of loss prior to receiving insurance proceeds and allowed

---

[20] Article VII(R) provides in pertinent part:
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. . . .  This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

[21] Article VII(J)(4) provides:
> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
> a. The date and time of loss;
> b. A brief explanation of how the loss happened;
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the term of the policy;
> f. Specifications of damaged buildings and detailed repair estimates;
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
> i. The inventory of damaged personal property described in J.3. above.

On August 31, 2005, the Administrator extended the proof-of-loss deadline from sixty days from the date of the loss to one year from the date of the loss.  *See* R. Doc. No. 36-3, Letter from David I. Maurstad, Acting Federal Insurance Administrator, FEMA (Aug. 31, 2005).  Accordingly, if an insured's property was damaged by Hurricane Katrina, the proof of loss must have been submitted to the insurer by August 29, 2006.

payment for losses based upon an adjuster's report.[22] *Richardson*, 2008 WL 510518, at *2. However, if the policyholder disagrees with the insurer's calculation of the amount owed, the policyholder must submit a sworn proof of loss complying with article VII(J)(4) to the insurance company within one year of the date of the loss. *Id.* An insurer's rejection of a satisfactory proof of loss under the waiver is a condition precedent for the filing of a lawsuit. *Id.* (*quoting Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1342 (11th Cir. 2007)).

Hartenstein argues that the Administrator waived article VII(J)(4) for claimants who disagree with the adjuster's report because the waiver provides that a policyholder "may submit" a proof of loss.[23] However, as discussed in *Shuford*, "the permissive term 'may' in the phrase 'a policyholder may submit to the insurer a proof of loss' means that the policyholder had a choice whether to challenge the insurer's decision, not that filing the proof of loss was optional. If filing a proof of loss within a year of loss were not a requirement for obtaining judicial relief, the clause '[i]f the insurer rejects the proof of loss is whole or in part' would be superfluous." 508 F.3d at 1342 (alteration in original); *see Richardson*, 2008 WL 510518, at *2 (noting that if a

---

[22] The waiver provides in pertinent part:
> I am waiving the requirement in VII.J.4 of the SFIP . . . for the policyholder to file a proof of loss prior to receiving insurance proceeds. Instead, payment of the loss will be based on the evaluation of damage in the adjuster's report. . . .
>
> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. *The proof of loss must meet the requirements of VII.J.4* of the SFIP . . . . The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim as provided in VII.R . . . .

Letter from Administrator (emphasis added).

[23] To the extent that Hartenstein is arguing that State Farm's actions, *e.g.*, State Farm's endeavors to perform additional inspections, waived the proof of loss requirement, that argument is rejected. As stated, SFIP provisions can not be waived without the express written consent of the Administrator. 44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

policyholder disagrees with an insurer's determination, the policyholder is responsible for submitting a sworn proof of loss prior to filing a lawsuit).[24] Because Hartenstein has failed to provide a signed and sworn proof of loss to State Farm, he is barred from recovering pursuant to the SFIP. *See Gowland*, 143 F.3d at 954; *Richardson*, 2008 WL 510518, at *2.[25]

Accordingly,

**IT IS ORDERED** that the motion for summary judgment filed by defendant, State Farm Fire and Casualty Company,[26] in its fiduciary capacity as a WYO program insurance provider is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against State Farm pursuant to the SFIP are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 10, 2008.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] Hartenstein's argument that his initial disclosures and discovery responses constituted sworn proof of loss is also rejected as Hartenstein's argument is contrary to the terms of the policy.

[25] Because Hartenstein failed to provide a sworn and signed proof of loss, the Court need not address State Farm's alternative argument that any documentation provided was inadequate to comply with article VII(J)(3) of the SFIP.

[26] R. Doc. No. 32.