UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK HARTENSTEIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-4594** |
| **STATE FARM FIRE AND CASUALTY INSURANCE CO.** | **SECTION:  I/2** |
| **c/w** | |
| **MARK HARTENSTEIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-8236** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | ***\*\*\*This order only applies to Civil Action No. 07-8236*** |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed on behalf of defendant, State Farm Fire and Casualty Company ("State Farm"), asking the Court to rule that the 2006 amendments to La. Rev. Stat. Ann. § 22:658 do not apply and that there is no statutory basis for recovery of attorney's fees in the above-captioned matter.[1]  State Farm also seeks dismissal of plaintiff's bad faith claims pursuant to §§ 22:658 and 22:1220.  For the following reasons, the

---

[1] R. Doc. No. 33.

motion is **DENIED**.


### *BACKGROUND*

Plaintiff, Mark Hartenstein ("Hartenstein"), owns property in Metairie, Louisiana, that was damaged when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005.[2]  During the relevant time period, Hartenstein held a homeowner's insurance policy with State Farm.[3]  Hartenstein alleges that, as a result of Hurricane Katrina, his property was severely damaged by wind, rain, wind-driven rain, and flying debris.[4]

Hartenstein filed this lawsuit against State Farm on August 30, 2007, in the 24th Judicial District Court for the Parish of Jefferson, alleging, pursuant to La. Rev. Stat. Ann. §§ 22:658 and 1220, a breach of its duty of good faith and fair dealing, breach of its duty to fairly and promptly adjust claims, breach of its duty to make a reasonable effort to settle, and misrepresentation of pertinent facts regarding coverage.[5]  Hartenstein argues that State Farm, after receiving satisfactory proof of loss, arbitrarily and capriciously failed to pay the amount of the claim due within thirty days, for purposes of § 22:658, or sixty days, for purposes of § 22:1220.[6] Harteinstein further alleges breach of the insurance contract.[7]  On November 8, 2007, State Farm

---

[2] R. Doc. No. 33-4, mot. summ. j., ex. A, state ct. pet. ¶¶ 2, 5.  Hartenstein also held a flood insurance policy with State Farm on this property.  R. Doc. No. 1, compl. ¶ 9.

[3] Pet. ¶ 4.

[4] *Id.* ¶ 5.

[5] *Id.* ¶ 12.

[6] *Id.* ¶¶ 21-23.

[7] *Id.* ¶¶ 13-15.

removed the lawsuit to this Court.[8]

On May 6, 2008, State Farm filed this motion for partial summary judgment, arguing that the pre-amendment version of § 22:658 should apply in this case because that section is not retroactive and prospective application of the section cannot be based upon allegations of a continuing violation.[9]  Furthermore, State Farm contends that Hartenstein has no other statutory basis for his request for attorney's fees.[10]  Finally, State Farm alleges that Hartenstein has provided no evidence that it acted arbitrarily, capriciously, or without probable cause and that it has a reasonable basis for partially denying Hartenstein's claims.[11]

Hartenstein responds that he discovered additional damage to his roof after August 15, 2006, *i.e.*, after the effective date of the amendment to § 22:658, triggering application of the amended version of that section.[12]  Hartenstein also argues that, because he has been unable to depose State Farm's expert, Kevin C. Vanderbrook, P.E. ("Vanderbrook"), regarding his report as to the cause of the roof damage, the Court cannot dismiss his bad faith claims.[13]

---

[8] *Hartenstein v. State Farm Fire & Cas. Co.*, Civil Action No. 07-8236, R. Doc. No. 1, notice of removal. On December 13, 2007, the Court consolidated the removed case with Civil Action No. 07-4594, which is Hartenstein's lawsuit pursuant to his flood insurance policy.  R. Doc. No. 13, consolidation order.

[9] R. Doc. No. 33-3, mem. supp. at 9-16.

[10] *Id.* at 16-17.

[11] *Id.* at 17-20.

[12] R. Doc. No. 35, mem. opp'n at 2.

[13] *Id.* at 4-5.

## LAW AND ANALYSIS

**I.     Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986).  The party responding to the motion for summary judgment may not rest

upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The

nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be

drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see*

*Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).


**II.     Discussion**


A.     *Bad Faith Claims Pursuant to Louisiana Revised Statutes §§ 22:658 and 22:1220*

Louisiana law establishes that insurers owe certain duties to their insureds in adjusting

and paying claims.  Section 22:658 provides a penalty for failure to pay a claim within thirty

days after receipt of satisfactory proof of loss from the claimant when that failure is arbitrary,

capricious, or without probable cause.  La. Rev. Stat. Ann. § 22:658.[14]  Section 22:1220(B)(5)

provides that an insurer owes a duty of good faith and fair dealing to an insured and it provides a

penalty for failure to pay a claim within sixty days after receipt of satisfactory proof of loss from

the claimant when that failure is arbitrary, capricious, or without probable cause.  La. Rev. Stat.

---

[14] Pre-and post-amendment § 22:658 provides in pertinent part:

> A. (1)  All insurers issuing any type of contract . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured . . . .
>
> . . . .
>
> B. (1)  Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proof of loss of that claim . . . or failure to make such payment within thirty days after written agreement or settlement . . . , when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss . . . .

Ann. § 22:1220.[15]  Virtually identical conduct is prohibited in §§ 22:658 and 22:1220(B)(5).[16]

*See Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000).

In order to prevail on a claim pursuant to these sections, the insured must establish:  (1) that the insurer received satisfactory proof of loss,[17] (2) that the insurer failed to timely pay the claim, and (3) that the failure to pay the claim was arbitrary, capricious, or without probable cause.[18]  *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1020 (La. 2003); *see also Sher*

---

[15] Pre-and post-amendment § 22:1220 provides in pertinent part:

> A.  An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both.  Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B.  Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
>
> (4) Misleading a claimant as to the applicable prescriptive period.
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
>
> . . . .
>
> C.  In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

[16] The Court recognizes that the conduct prohibited by § 22:1220(B) in its entirety is broader in scope than merely prohibiting bad faith failure to pay a claim.  However, State Farm only argues that its conduct is not arbitrary, capricious, or without probable cause as stated specifically in § 22:1220(B)(5).  Therefore, the Court will only address whether summary judgment is proper as to § 22:658 and § 22:1220(B)(5).

[17] Satisfactory proof of loss "is that which is sufficient to *fully apprise* the insurer of the insured's claim." *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985).  State Farm does not argue that the expert report and appraisal were unsatisfactory proof of loss.

[18] The phrase arbitrary, capricious, or without probable cause is synonymous with the word vexatious and also means a refusal to pay that is wrongful and without probable cause or excuse.  *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003).

*v. Lafayette Ins. Co.*, Nos. 07-C-2441, 07-C-2443, 2008 WL 928486, at *17-18 (La. Apr. 8, 2008); *Block v. St. Paul Fire & Marine Ins. Co.*, 742 So. 2d 746, 752 (La. Ct. App. 1999). "The determination of whether an insurer acted in bad faith turns on the facts and circumstances of each case." *Block*, 742 So. 2d at 752.

These sections are "penal in nature and, consequently, must be strictly construed." *Hart v. Allstate*, 437 So. 2d 823, 827 (La. 1983); *see Delahoussaye v. Madere*, 733 So. 2d 679, 688 (5th Cir. 1999). Accordingly, the insured must "clearly show[] that the insurer was arbitrary, capricious, and without probable cause in refusing to pay." *Block*, 742 So. 2d at 751; *Reed*, 857 So. 2d at 1021. Further, "the statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed*, 857 So. 2d at 1021; *see Delahoussaye*, 733 So. 2d at 689 ("Our jurisprudence has recognized the right of insurance companies to litigate questionable claims without being subjected to damages and penalties.").

State Farm first contends that "there is no evidence that could provide a basis for concluding that State Farm acted arbitrarily, capriciously, or without probable cause" in adjusting Hartenstein's claims.[19] State Farm is correct that summary judgment is appropriate when there is *no* evidence of an insurer's bad faith conduct. *See, e.g.*, *Gates v. Auto Club Family Ins. Co.*, Civil Action No. 06-4394, 2007 WL 1464259, at *4 (E.D. La. May 17, 2007) (Vance, J.) (granting summary judgment as to bad faith claims pursuant to §§ 22:658 and 22:1220 because the plaintiffs failed to provide any facts indicating that the insurer's conduct was arbitrary and capricious). However, Hartenstein has provided State Farm with an expert report

_____

[19] Mem. supp. at 20.

stating that roof damage was caused by Hurricane Katrina and an estimate detailing the cost to repair the roof.[20]  After receiving this information, State Farm hired an expert, Vanderbrook, who concluded that Hartenstein's roof was damaged by the improper framing of the roof at the time of its construction.[21]  Based upon their expert's report, State Farm denied Hartenstein's roof damage claim.

Hartenstein has shown that State Farm received a proof of loss for which it did not pay. Considering State Farm's postponement of the deposition of its causation expert, whether State Farm's failure to pay was arbitrary, capricious, or without probable cause is a factual determination that the Court cannot decide on the record presented.[22]

B.     *Retroactivity and Prospective Application of Louisiana Revised Statute § 22:658*

State Farm also seeks, in this motion for partial summary judgment, a ruling that the pre-amendment version of § 22:658 is applicable in the above-captioned case.  Section 22:658, as amended and as previously enacted, provides a penalty for bad faith failure to timely pay a claim.  In June 2006, the Louisiana Legislature passed an amendment that increased the penalty recoverable under that section from twenty-five percent to fifty percent of the amount claimant is

---

[20] R. Doc. No. 35-2, opp'n, ex. 1, Gertler Bros. Consultants, Inc., report at 8; R. Doc. No. 35-3, opp'n, ex. 2, Natal Builders estimate.

[21] R. Doc. No. 35-3, opp'n, ex. 3, VECO Consulting, L.L.C., report at 5.

[22] State Farm also argues that, even if there is a dispute over what is owed to Hartenstein, it cannot be liable for arbitrary and capricious behavior because it had a reasonable basis to dispute Hartenstein's claims–the disagreement between its and Hartenstein's experts regarding the cause of damage.  It is true that "bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts [as to the extent and causation of a claim] exist."  *Block*, 472 So. 2d at 752.  However, determining whether State Farm had a reasonable basis to deny a portion of Hartenstein's claims is a factual determination that this Court, considering the record presented, cannot decide on a motion for summary judgment.

owed and it reinstated a provision for reasonable attorney's fees and costs. *See* 2006 La. Acts No. 813 § 1. These changes went into effect on August 15, 2006, and the changes are not applied retroactively. *See Sher*, 2008 WL 928486, at *10-11; *see also, e.g., Ferguson v. State Farm Ins. Co.*, Civil Action No. 06-3936, 2007 WL 1378507, at *3 (E.D. La. May 9, 2007) (Berrigan, C.J.) (*citing Lewis v. State Farm Ins. Co.*, 946 So. 2d 708, 728-29 (La. Ct. App. 2006)); *Weiss v. Allstate Ins. Co.*, Civil Action No. 06-3774, 2007 WL 1017341, at *3 (E.D. La. Mar. 28, 2007) (Vance, J.).

Although an insurer has a continuing duty of good faith and fair dealing in the adjustment of claims, "[t]he law in effect at the time appellants' cause of action arose is the law which is applied to their case." *McDuffie v. ACandS, Inc.*, 781 So. 2d 623, 625 (La. Ct. App. 2001), *quoted in Aronson v. State Farm Fire & Cas, Co.*, 969 So. 2d 671, 681 (La. Ct. App. 2007); *see Sher*, 2008 WL 928486, at *7-9. "[A]n insured's right to a penalty under § 658 comes into existence only after the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss." *Madere v. State Farm Fire & Cas. Co.*, Civil Action No. 06-2889, 2007 WL 1655553, at *2 (E.D. La. June 5, 2007) (Duval, J.).

The cause of action and, therefore, an insured's right to recover, comes into existence when and if the insurer fails to pay thirty days after receiving satisfactory proof of loss. *See Sher*, 2008 WL 928486, at *9; *Aronson*, 969 So. 2d at 681 ("Even though [the defendant's] failure to pay the [plaintiffs'] claims extended beyond the effective date of the 2006 amendments to [§ 22:658], their cause of action arose prior to the effective date."); *McKenney v. Allstate Ins. Co.*, Civil Action No. 06-2882, 2007 WL 1139601, at *1 (E.D. La. Apr. 16, 2007) (Berrigan, C.J.) (holding that the argument that Allstate's continuous violations and unreasonable denial of

the claim exposed Allstate to liability pursuant to the amended version of § 22:658 was without

merit).

A plaintiff's cause of action can arise in one of three ways:  (1) when the complaint is

filed if satisfactory proof of loss was not provided prior to the filing of the complaint; (2) when

the plaintiff provides satisfactory proof of loss and the defendant fails to pay; or (3) when the

plaintiff has provided satisfactory proof of loss and has been paid for some damage, new damage

is discovered, satisfactory proof of loss is provided to the defendant after such discovery, and the

defendant fails to pay.  *See Sher*, 2008 WL 928486, at *9.

Considering prongs two and three above,[23] Hartenstein's cause of action regarding roof

damage arose at the earliest on February 18, 2008, when he provided proof of loss,[24] *i.e.*, his

expert report, to State Farm.[25]  State Farm has not, to date, paid for this roof damage.  Therefore,

the cause of action pursuant to § 22:658 accrued thirty days after State Farm received the report,

*i.e.*, March 19, 2008, prior to the effective date of § 22:658's amendments.  The post-amendment

version should, therefore, apply to Hartenstein's roof damage claim.  Because at least one of

Hartenstein's claims is governed by the post-amendment version of § 22:658, State Farm has

failed to prove the absence of a genuine issue of material fact with respect to Hartenstein's

ability to recover attorney's fees and a fifty-percent penalty for State Farm's arbitrary or

---

[23] Whether Hartenstein's cause of action arose as detailed in prong two or prong three has no bearing on the Court's determination that the post-amendment version of § 22:658 applies to Hartenstein's roof damage claim.

[24] State Farm does not argue that the proof of loss provided to it by Hartenstein was insufficient.

[25] Hartenstein did not learn of the roof damage until mid-2007.  R. Doc. No. 33-4, mem. supp., ex. C, Hartenstein dep. at 179.

capricious failure to pay.[26]

      The Court, notwithstanding the inability to depose State Farm's roofing expert, has a serious doubt as to whether Hartenstein's bad faith claims will go to the jury.  On the record presented,

      **IT IS ORDERED** that the motion for partial summary judgment filed by defendant, State Farm Fire and Casualty Company,[27] is **DENIED**.

      **IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a supplemental memorandum in opposition to defendant's motion after taking the deposition of defendant's expert[28] is **DISMISSED AS MOOT**.

      New Orleans, Louisiana, June 10, 2008.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[26] The Court notes, however, that § 22:1220 does not provide compensation for attorney's fees.  *See, e.g.*, *Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000).

[27] R. Doc. No. 33.

[28] R. Doc. No. 41.